UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

STEVEN H. THOMAS,                    )
                                     )
            Plaintiff,               )
                                     )
                                     )
v.                                   )        3:05-CV-411
                                     )        (PHILLIPS/SHIRLEY)
                                     )
JO ANNE B. BARNHART,                 )
Commissioner                         )
of Social Security,                  )
                                     )
            Defendant.               )


## REPORT AND RECOMMENDATION

        This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule

72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and

recommendation regarding the disposition by the District Court of the plaintiff's motion for

summary judgment [Doc. 17], and the defendant's motion for summary judgment. [Doc. 19].

Plaintiff Steven H. Thomas seeks judicial review of the decision of the Administrative Law

Judge ("ALJ"), the final decision of the Commissioner.

        The ALJ made the following findings:

            1.  The claimant meets the nondisability
            requirements for a period of disability and disability
            insurance benefits set forth in Section 216(i) of the
            Social Security Act and is insured for benefits
            through the date of this decision.

2.  The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3.  The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(b).  These include: bipolar disorder, mild degenerative changes in the lumbar spine, schizoaffective disorder, and personality disorder.

4.  These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5.  The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6.  The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 C.F.R. § 404.1527).

7.  The claimant has the following residual functional capacity to perform light work lifting 20 pounds occasionally and ten pounds frequently, standing and/or walking for six hours in an eight-hour day, and sitting for two hours in an eight-hour day; stooping and bending for no more than 25 to 50 percent of the work day; changing positions every thirty to forty-five minutes.  He cannot perform a job requiring social interaction with coworkers, supervisors, or the public for more than twenty-five percent of the day.  He requires a low stress work environment and is limited to jobs requiring one or two steps and simple instructions. He would miss one day of work per month due to physical and mental problems.

2

8.  The claimant is unable to perform any of his
past relevant work (20 C.F.R. § 404.1545).

9. The claimant is a younger individual (20
C.F.R. § 404.1563).

10. The claimant has a "high school education"
(20 C.F.R. § 404.1564).

11. The claimant has no transferable skills from
any past relevant work and/or transferability of
skills is not an issue in this case (20 C.F.R.
§ 404.1568).

12. The claimant has the residual functional
capacity to perform a significant range of light
work.

13. Although the claimant's exertional limitations
do not allow his [sic] to perform the full range of
light work, using Medical-Vocational Rule 202.20
as a framework for decisionmaking, there are a
significant number of jobs in the national economy
which he could perform.

14.  The claimant was not under a "disability," as
defined in the Social Security Act, at any time
through the date of this decision (20 C.F.R.  §
404.1520(f)).

(Tr. 28-29).

If the ALJ's findings are supported by substantial evidence based upon the record

as a whole, they are conclusive and must be affirmed.  42 U.S.C. § 405(g).  Substantial  evidence

is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion."  Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (quoting

Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).   It is immaterial

3

whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

First, plaintiff asserts that the hypothetical question posed by the ALJ to the vocational expert ("VE") was not complete because it omitted consultative psychological examiner Dr. Allred's findings that "plaintiff was moderately limited in areas of concentration and persistence, in ability to understand and remember, in social interaction and in his ability to adapt and tolerate stress associated with daily activities (Tr. 225)." Plaintiff further adds that Dr. Allred "noted marked ability to deal with co workers and supervisors at times. (Tr. 228)." Plaintiff contends that the VE stated that plaintiff would not be able to meet the minimal requirements for competitive work with a marked inability to deal with co-workers and supervisors at least on occasion and that there would be no positions he could perform if he could not function for more than 6 hours in an 8-hour day. Thus, plaintiff maintains that the restriction of "low stress" in the hypothetical does not describe the impairments causing the limitation and that limiting plaintiff to simple work did not adequately describe the impact of his limited ability to maintain concentration, persistence or pace, to understand and remember, or adapt. In addition, plaintiff contends that his fatigue, which is noted throughout the record, was not mentioned in the hypothetical or recognized by the ALJ.

The Commissioner insists, however, that the ALJ considered Dr. Allred's opinion and "credited much of her opinion concerning Plaintiff's mental limitations. (Tr. 26)." The ALJ did not accept Dr. Allred's suggestion that plaintiff would "at times" experience

marked difficulty interacting appropriately with co-workers and supervisors and his finding that plaintiff had only moderate social limitations was supported by the report of state agency, reviewing physician, Dr. Sachs, who concluded that while plaintiff could not work with the general public, he could meet the basic social demands in a work setting. (Tr. 193). The Commissioner maintains that Dr. Allred supported her opinion of plaintiff's marked limitations "at times" dealing with supervisors and co-workers only by reference to plaintiff's subjective report of a history of paranoia when dealing with colleagues and that plaintiff testified at his hearing that he generally experienced paranoia when he did not take his medications. (Tr. 228, 310).

The Commissioner insists that based on all the evidence, including Dr. Allred's report, the ALJ determined plaintiff could perform low-stress work involving one- or two-step, simple instructions that would allow plaintiff to be absent one day per month due to physical and mental problems and that did not require social interaction with co-workers, supervisors, or the public for more than twenty-five (25) percent of the day. (Tr. 27). Moreover, the Commissioner contends that because the ALJ's hypothetical question included all of plaintiff's credible mental limitations.

Further, the Commissioner contends that plaintiff's reliance on <u>Howard v. Commissioner</u>, 276 F.3d 235 (6th Cir. 2002) for his assertion that the ALJ erred by omitting plaintiff's various medical diagnoses is misplaced because the Sixth Circuit in <u>Webb v. Commissioner</u>, 368 F.3d 629, 633 (6th Cir. 2004) stated that "Were <u>Howard</u> to be interpreted to require hypothetical questions to vocational experts to include lists of claimants' medical

conditions, it would contravene the holdings of earlier cases of this circuit." Thus, the Commissioner insists that this issue is without merit.

Next, plaintiff argues that the ALJ inadequately assessed the effects of his bipolar disorder on his ability to work. He asserts that "[t]he medical record clearly establishes symptoms of paranoia, anger, fatigue, depression, racing thoughts, fluctuating moods, and social isolation." Plaintiff cites the report by Dr. Bolin regarding about his mental limitations because Dr. Bolin treated plaintiff from March 22, 1999 to May 8, 2000. (Tr. 173). He contends that the ALJ's summary of Dr. Bolin's report was inaccurate and incomplete because although he accurately reported poor abilities in "all areas," he did not list the areas of understanding, memory, concentration, social interaction and adaptation and he wrote that the psychologist stated that these limitations were due to bipolar disorder and drug abuse, which is not accurate because Dr. Bolin stated that the symptoms of bipolar disorder were delusions, insomnia, social withdrawal, anxiety, and drug abuse. (Tr. 173). Also, he contends that the ALJ "summarily dismissed" his mother's statement[1] as "just a mother's concern," and erred by stating that plaintiff's mother should speak to the physician about plaintiff's medication side effects and medication adjustment.

However, the Commissioner contends that the issue is not plaintiff's symptoms, but the severity of the work-related limitations his medically determinable impairments imposed. Moreover, the Commissioner points out that the ALJ noted that Dr. Bolin did not treat plaintiff during the time he alleged he was disabled, which began in September 2000 and predates the

---

[1]Plaintiff's mother provided an affidavit and additional documentation. (Tr. 132-36).

6

period at issue here by four months. (Tr. 24). Also, the Commissioner maintains that even if Dr. Bolin's opinion pertained to plaintiff's condition during the relevant period of time, his opinion consisted of a one-page form with no supporting clinical findings or any supporting treatment notes. (Tr. 173). Furthermore, the Commissioner points to Dr. Bhateja's notes in April 2002 that plaintiff was "doing okay" and that he encouraged plaintiff "to find work to do to keep busy." (Tr. 158). Thus, the Commissioner maintains that the plaintiff's reliance on Dr. Bolin's report and opinion to support his argument on the ALJ's assessment of his bipolar disorder is unavailing. As for plaintiff's claim that the ALJ improperly dismissed the statement of his mother, the Commissioner insists that plaintiff does not indicate any particular information in his mother's statement that would further his claim of disability, and in fact, plaintiff's mother's statement that plaintiff engaged in a variety of activities supported the ALJ's conclusion that his mental impairments were not disabling. (Tr. 132-36). Plaintiff also argues that the ALJ erred when he stated plaintiff's primary problem was over-medication because this is a medical opinion outside the ALJ's expertise and when he stated that plaintiff could lift 100 pounds.

However, the Commissioner asserts that plaintiff indicated that two of the primary reasons he could not work were back pain related to obesity and sleeping excessively, which the Commissioner maintains that the record evidence supports the ALJ's inference that plaintiff's weight gain and excessive sleeping were related to plaintiff's medication dosages. (Tr. 71, 307). She cites plaintiff's father who noted plaintiff's medications increased his appetite and made him sleep more, Dr. Peterson who noted in October 2000 that he was reducing plaintiff's medication because of his weight gain (Tr. 112, 164), and Dr. Bhateja noted in June

2003 that he would reduce the dose of one of plaintiff's medications because plaintiff

complained of "feeling tired all the time." (Tr. 247). Although plaintiff disputes the ALJ's

statement that he testified he could lift 100 pounds, the Commissioner points out that the ALJ

asked plaintiff, "[H]ow much could you squat down and bring up to waist level?" and plaintiff

responded, "Probably I could do 100 pounds or more." (Tr. 316). Therefore, the Commissioner

maintains that the plaintiff's response to the ALJ's question supports the ALJ's statement.

Finally, plaintiff argues that the ALJ erred when he found he could perform a

range of light work, noting that the ALJ misinterpreted Dr. Summers' opinion of his work-

related abilities. Plaintiff points out that in October 2002, approximately one and one-half years

before the hearing, Dr. Summers wrote, "This will limit his ability to bend, stoop, and lift greater

than 20 pounds. He should [also] change positions every 30-45 minutes[,] not to exceed 6 hours

total in a single work day [workday]." (Tr. 176). Plaintiff maintains that the ALJ concluded

plaintiff could stand or walk for 6 hours in an 8-hour day, and sit for 2 hours, which is not

consistent with the findings of the examining physician selected by the state agency and relied

on by the ALJ. (Tr. 28).

However, the Commissioner counters that the ALJ did not base his residual

functional capacity ("RFC") finding solely on Dr. Summers' opinion. Instead, the ALJ

considered all the record evidence, including the opinions of the reviewing physicians that

plaintiff could perform medium work, and plaintiff's reported activities, which the ALJ found

were consistent with the ability to perform light work. (Tr. 23-27). Specifically, the

Commissioner points out that the ALJ noted that plaintiff's x-rays showed only mild

degenerative changes in the lumbar spine and Dr. Summers' examination revealed plaintiff was neurologically intact with negative straight leg raising, a normal gait, and normal ability to stand and walk on his heels and toes. (Tr. 24, 175-76).

The Commissioner insists that Dr. Summers provided an ambiguous statement that plaintiff "should also change position every 30-45 minutes not to exceed 6 hours total in a single workday." (Tr. 176). The Commissioner insists that "[g]iven the paucity of medical findings in Dr. Summers' report and the record as a whole, the ALJ reasonably construed Dr. Summers' opinion to limit plaintiff to 6 hours per day of standing and walking." Moreover, she points out that the ALJ's interpretation of Dr. Summers' opinion and his finding that plaintiff could perform a range of light work is supported by plaintiff's testimony that he had not sought treatment for his back problems (Tr. 307) and that he could lift 100 pounds. (Tr. 316).

In light of the foregoing, I find that substantial evidence supports the ALJ's decision. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990) (substantiality of the evidence must be based on the record as a whole); 20 C.F.R. § 404.1512, 416.912 (plaintiff bears the burden of proving a disability). With respect to plaintiff's argument that the hypothetical question was inaccurate and incomplete, I find no merit to plaintiff's claim.

The ALJ obtained testimony from a VE to meet his Step 5 burden, Cline v. Commissioner of Social Security, 96 F.3d 146, 149 (6th Cir. 1996), and the VE testified that he had examined plaintiff's file, had familiarized himself with plaintiff's work history, and had listened to his testimony, thereby indicating he based his opinion on specific information

9

concerning the plaintiff. (Tr. 321-22)   See Bradford v. Secretary of the Department of Health and Human Services, 803 F.2d 871, 874 (6th Cir. 1986).

The ALJ did not accept Dr. Allred's marked limitations relative to interacting with supervisors and co-workers. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779-80 (6th Cir. 1987) (ALJ considered all of plaintiff's credible limitations and properly relied on VE testimony in response to a hypothetical question that accurately reflected those limitations; mere diagnosis of a condition is not indicative of disabling functional debilitation). Based upon the assessments of other psychologists, including state agency, reviewing psychologist Dr. Sachs, who found plaintiff cannot work with the general public but can meet the basic social demands in a work setting (Tr. 193), the ALJ concluded plaintiff's symptoms and impairments limited her to simple, one- and two-step procedures with no public contact. (Tr. 27, 178-93, 228)  Stanley v. Secretary of Health and Human Services, 39 F.3d 115, 118 (6th Cir. 1994) (ALJ not required to include limitations unsupported by the record).  The very nature of simple or unskilled work precludes the existence of excessive stress because unskilled work is defined as work that needs little or no judgment to do simple duties that can be learned in a short period of time, generally within 30 days.  20 C.F.R. §§ 404.1568(a), 416.968(a). Furthermore, in Webb v. Commissioner of Social Security, 368 F.3d 629, 633 (6th Cir. 2004), the Court stated that "we do not read Howard to hold that hypothetical questions to vocational experts are required to include lists of claimants' medical conditions."  Therefore, I find that plaintiff's reliance on Howard is misplaced and that the ALJ did not err by failing to include all of plaintiff's diagnoses in the hypothetical.    In sum, this issue is without merit.

10

With regard to the ALJ's discussion of plaintiff's bipolar disorder, I note that the mere presence of an impairment is insufficient to establish disability. <u>Blacha v. Secretary of Health and Human Services</u>, 927 F.2d 228, 230-31 (6th Cir. 1990). The issue is not the diagnosis of a condition, but its impact on the plaintiff's ability to work. Although plaintiff cites Dr. Bolin's report as support, his one-page commentary provides limited insight into plaintiff's work-related capabilities, and more importantly, his opinion is not supported by any documentation, such as treatment notes or test results. (Tr. 173) <u>See</u> <u>Bogle v. Sullivan</u>, 998 F.2d 342, 347 (6th Cir. 1993) (ALJ may reject treating source opinions that are either unsupported or internally inconsistent); 20 C.F.R. §§ 404.1527(d), 416.927(d) (weight given a physician's opinion depends upon the extent to which it is supported by objective medical signs and laboratory findings and is consistent with the record as a whole). Consultative psychological examiner Dr. Allred found that plaintiff's work-related activities were "moderately limited" (Tr. 227-28), with the exception of a "marked limitation" in his ability to interact appropriately with supervisors and co-workers. (Tr. 228). However, state agency, reviewing psychologist Dr. Sachs determined that the bipolar disorder caused only mild restrictions of activities of daily living and moderate difficulties in maintaining social functioning, concentration, persistence, or pace. (Tr. 178-93). Dr. Sachs concluded that plaintiff can perform simple and some detailed tasks over full workweek in coordination with others; cannot work with the general public but can meet the basic social demands in a work setting; and can adapt to gradual or infrequent changes. 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i) ("State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and

psychologists who are also experts in Social Security disability evaluation.").   Accordingly, I find that the record evidence supports the ALJ's finding that plaintiff's mental impairment is in the mild to moderate range, with exacerbations that respond to medication adjustments.  (Tr. 26) See 20 C.F.R. §§ 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v) (ALJ considers medication and other treatment in assessing credibility).  In addition, I find no merit to plaintiff's arguments regarding the ALJ's consideration of plaintiff's mother's affidavit, the contributory effect of his medication on his weight gain and sleepiness, and his ability to lift 100 pounds.  Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993) (within the province of the ALJ to resolve conflicts in the evidence and to decide questions of credibility).

I note that although plaintiff's primary issues on appeal revolve around his mental impairments, he seeks disability also because of his back problems, arguing that the ALJ erred in finding that he retained an RFC to perform light[2] work.  The ALJ did not rely solely on consultative examiner Dr. Summers' opinion, which stated that plaintiff could perform light work (Tr. 174-77).  The record indicates that state agency, reviewing physician Dr. Misra found plaintiff could perform even medium[3] work.  (Tr. 194-201).   Further support for the ALJ's RFC finding for light work is found in the plaintiff's own testimony that he did not seek treatment for his back problems, which started when he gained weight (Tr. 307), and that he could lift 100 pounds (Tr. 316).

---

[2] Light work requires lifting and carrying 20 pounds occasionally and 10 pounds frequently.  See 20 C.F.R. §§ 404.1567(b), 416.967(b).

[3] Medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. §§ 404.1567(c), 416.967(c).

12

Accordingly, it is hereby **RECOMMENDED**[4] that the plaintiff's motion for summary judgment [Doc. 17] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 19] be **GRANTED**.

Respectfully submitted,

   s/C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[4]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party.  Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).  The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general.  Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

13